**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions, Inc., | No. CV 11-2531-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Clifford Coen, Jr., individually and d/b/a "Casa Fuma Cigars"; Pepco, LLC, an unknown business entity d/b/a "Casa Fuma Cigars," | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for default judgment (Doc. 18). The Court now rules on the motion.

**I.   BACKGROUND**

As stated in the Complaint, Plaintiff Joe Hand Promotions, Inc. was granted the exclusive nationwide television distribution rights to "*Ultimate Fighting Championship 108: Rashad Evans v. Thiago Silva*," telecast nationwide on Saturday, January 2, 2010 (hereinafter the "Program"). Doc. 1 at ¶ 9. These rights included all under-card bouts and fight commentary, in addition to the main event, encompassed in the television broadcast of the Program. *Id.* Pursuant to contract, Plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program. *Id.* at ¶

10. Plaintiff alleges that Defendants Clifford Coen, Jr. and Pepco, LLC, both doing business as "Casa Fuma Cigars," unlawfully intercepted and exhibited the Program at its establishment in Gilbert, Arizona. *Id.* at ¶ 12.

According to an affidavit submitted by Plaintiff, Casa Fuma Cigars ("Casa Fuma") is a cigar bar or lounge with an estimated capacity of 20 to 25 people. Doc. 18-3 at 1. The establishment sells cigars and permits patrons to smoke cigars inside. *Id.* There is no indication that Casa Fuma sells food or beverages. On the night the Program aired, a representative of Plaintiff visited Casa Fuma for approximately fifteen minutes. *Id.* He noted that no cover was charged for entry. *Id.* He also observed that the Program was displayed on five of the six television screens within the establishment. *Id.* Further, during his visit, he counted a total of ten or eleven other patrons in Casa Fuma. *Id.* Prior to leaving Casa Fuma, the representative also surreptitiously videotaped a portion of the Program displayed on one of the televisions. *Id.*

Plaintiff filed the Complaint in this Court on December 21, 2011, alleging violations of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992 ("Cable Act of 1992"), 47 U.S.C. § 553 *et seq.*, as well as conversion under Arizona law. *Id.* at ¶¶ 14, 19 & 23. Defendants have not answered the Complaint, and the Clerk entered default as to all Defendants on February 21, 2012. Doc. 18. Plaintiff then filed the pending motion for default judgment on May 14, 2012. Defendants have not moved to set aside the entry of default or otherwise appeared.

## II.     ANALYSIS

Once the Clerk of Court has entered default, the Court has discretion to grant default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When the Court considers the entry of default judgment, the well-pleaded "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

### A.     Violation of § 605

"[T]o be held liable for a violation of [47 U.S.C. § 605], a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals.[1] *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). The statute states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute further provides that for any violation that "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii).

By defaulting, Defendants have admitted that they unlawfully intercepted and published the Program to their patrons in violation of 47 U.S.C. § 605, and that they further did so "willfully and for purposes of direct or indirect commercial advantage or private gain." Doc. 1 at ¶ 12. Thus, Plaintiff requests that the Court award statutory damages, including an increase for a willful violation, in the maximum available amount of $110,000. Indeed, the facts indicate that Defendants showed the Program on five screens in the establishment, which is open to the public and located in an urban area. Though the establishment was not filled to capacity, approximately 11 people were present at the time the Program was displayed. Furthermore, Defendants willfully and unlawfully intercepted the Program and displayed it to their patrons for commercial gain. The Court agrees that, based on these facts, Plaintiff is entitled to the maximum award of $10,000 available under § 605(e)(3)(C)(i)(II).

---

[1] In the Complaint, Plaintiffs also sought relief under 47 U.S.C. § 553, which applies to cable signal transmissions. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999). However, Plaintiff cannot determine the means of signal transmission that Defendants used to unlawfully obtain the Program, and therefore only seeks damages under § 605.

With regard to enhanced damages, however, the Court does not agree that the maximum enhancement is appropriate in this case. Defendants did not charge a cover for entry, the establishment was not filled to even its rather small capacity, and there is no evidence that Defendants have repeatedly violated this statute, that they advertised the Program to draw larger crowds, that they charged a premium for cigars or other products, or that their earnings were significantly larger than usual during the time that the Program was displayed. *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008) (discussing these factors as reducing the size of an enhanced damages award).

However, Plaintiffs correctly note that enhanced damages are desirable in many cases because of their tendency to deter future violations. Thus, based on the facts of this case, the Court finds that an enhanced damages award of $10,000 is appropriate. The combined award of $20,000 will serve to compensate Plaintiff for its lost revenue and also deter future violations.

**B.     Conversion**

Plaintiff also requests an award of $900 for conversion. In Arizona, "the measure of conversion damages includes not only the value of the property taken, but also other damage suffered because of the wrongful detention or deprivation of the property." *Collins v. First Fin. Servs., Inc.*, 815 P.2d 411, 413 (Ariz. Ct. App. 1991). However, if actual damages are not proven, only an award of nominal damages can be made. *SWC Baseline & Crimson Investors, LLC v. Augusta Ranch LP*, 265 P.3d 1070, 1092 (Ariz. Ct. App. 2011). Here, Plaintiff has not provided any factual support for the requested award. Therefore, the Court will award nominal damages in the amount of $1 for the conversion claim.

**C.     Costs and Attorney Fees**

Plaintiff also asks for an award of costs and attorneys' fees, though Plaintiff has not provided the Court any basis on which to make such awards. Therefore, the Plaintiff may separately file a bill of costs in accordance with LRCiv 54.1 and a motion for attorneys' fees in accordance with LRCiv 54.2. The Court will rule on a motion for attorneys' fees if and when one is filed.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion for default judgment (Doc. 18). Judgment is entered for Plaintiff Joe Hand Promotions, Inc. and against Defendants Clifford Coen, Jr., individually and d/b/a "Casa Fuma Cigars," and Pepco, LLC, an unknown business entity d/b/a "Casa Fuma Cigars," in the total amount of $20,001. The Clerk shall enter judgment.

DATED this 17th day of July, 2012.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge